19-327-cv
Castro v. Simon

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand nineteen.

PRESENT:  GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
MICHAEL H. PARK,
*Circuit Judges*.

-----------------------------------------------------------------

IVON CASTRO,

*Plaintiff-Appellant*,

v.                                        No. 19-327-cv

DINA SIMON, INDIVIDUALLY AND AS
DEPUTY COMMISSIONER, NEW YORK CITY
DEPARTMENT OF CORRECTION, ELIZABETH
CASTRO, CORRECTION OFFICERS'
BENEVOLENT ASSOCIATION, INC., STEVEN
ISAACS, MERCEDES MALDONADO,
KOEHLER & ISAACS LLP, CITY OF NEW

YORK,

                          *Defendants-Appellees.*[*]
          ------------------------------------------------------------------

FOR APPELLANT:            Ivon Castro, *pro se*, Bronx, NY.

FOR APPELLEES:            Fay Sue Ng, Barbara Jeane Graves-Poller,
                          Of Counsel, *for* Zachary W. Carter,
                          Corporation Counsel of the City of New
                          York, New York, NY, *for* Dina Simon and
                          City of New York

                          Howard Wien, Koehler & Isaacs LLP, New
                          York, NY, *for* Correction Officers'
                          Benevolent Association, Inc., Elizabeth
                          Castro, Koehler & Isaacs LLP, Steven
                          Isaacs, and Mercedes Maldonado

Appeal from a judgment of the United States District Court for the Eastern

District of New York (Ann M. Donnelly, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Ivon Castro, proceeding pro se, appeals from a judgment of the District

Court (Donnelly, J.) dismissing her amended complaint.   On appeal, Castro

challenges only the District Court's dismissal of her claims against Dina Simon

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

and the City of New York for violating 42 U.S.C. § 1983 and New York Civil Service Law § 75. Those claims arose from her termination, allegedly without a hearing, as a Correction Officer with the New York City Department of Correction.[1] We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

We review de novo the dismissal of a complaint pursuant to Rule 12(b)(6), accepting the factual allegations of the complaint as true. See Forest Park Pictures v. Universal Television Network, Inc., 683 F.3d 424, 429 (2d Cir. 2012). A pro se complaint must be "liberally construe[d] . . . to raise the strongest arguments it suggests." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

The District Court dismissed Castro's due process and New York Civil Service Law claims on the ground that, as a probationary employee at the time of

---

[1] In her appellate brief, Castro abandons any claims against Defendants-appellants Castro, Correction Officers' Benevolent Association, Inc., Koehler & Isaacs LLP, Isaacs, and Maldonado. Her brief does not address the District Court's dismissal of her § 1983 liberty interest claim, the dismissal of any equal protection claims, or the decision not to exercise supplemental jurisdiction over state law claims. We therefore deem any challenges on these grounds to be abandoned also. See LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir. 1995).

her termination, Castro lacked a property interest in her continued employment and section 75 did not apply to her. In determining that Castro was a probationary employee, the District Court relied in part on documents attached to the defendants' motion to dismiss, which indicated that Castro's initial probationary period had been extended through the day after her termination. These documents were not "integral" to Castro's complaint or subject to any other exception that would have permitted the District Court to consider them on a motion to dismiss. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002). The better course would have been to convert the motion to one for summary judgment, see Fed. R. Civ. P. 12(d), or to exclude the documents from consideration, see Palin v. N.Y. Times Co., 933 F.3d 160, 167 (2d Cir. 2019). Nonetheless, even without the defendants' exhibits, documents incorporated into and attached to Castro's amended complaint show that she was a probationary employee at the time of termination. Although Castro disputes whether the 24-month probationary period was applicable to her as a matter of the City personnel rules, she has not argued—either before the District Court or on appeal—that the 24-month probationary period and relevant extension had in

4

fact expired prior to her termination.   We therefore affirm, on this alternative ground, the District Court's decision to dismiss Castro's due process and section 75 claims.[2]   With respect to Castro's arguments under Rule 5.2.7(c) of the Personnel Rules of the City of New York, we affirm substantially for the reasons stated by the District Court.

Castro further argues that, even if she had been on probation, she was entitled to a hearing under In re Perry, 374 N.Y.S.2d 850 (4th Dep't 1975), because the allegations of misconduct leading to her termination affected her reputation. But Perry involved a termination "predicated upon considerations reaching beyond the scope of [the probationary employee's] job performance," and the hearing in that case was required on that ground.   Id. at 855.   Castro's termination was based entirely on allegations of job-related misconduct.

Castro's argument that her termination was void because the termination letter was not issued directly by the Commissioner of Correction has previously

_____

[2] Because we affirm on this ground, we need not consider the District Court's alternative holding that, even if Castro had a protected property interest in continued employment, the availability of a post-deprivation hearing through Article 78 proceedings satisfied due process.

been considered and rejected by New York State courts.    See, e.g., In re Gagedeen, 96 N.Y.S.3d 349, 351–52 (2d Dep't 2019); In re Meighan, 77 N.Y.S.3d 871, 872 (2d Dep't 2018).

We have considered Castro's remaining arguments and conclude that they are without merit.    For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court